FILED

March 17 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0379

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 78N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DANA M. HARPER,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 08-72A
Honorable Holly B. Brown, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

          Michelle R. Lee; Harper & Hilario, Billings, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General;
Mardell Ployhar, Assistant Attorney General, Helena, Montana

          Susan L. Wordal; Bozeman Deputy City Attorney, Bozeman, Montana


          Submitted on Briefs:  March 4, 2009

                  Decided:  March 17, 2009


Filed:

          _____
                        Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Dana Harper appeals from the District Court's order affirming his conviction for driving under the influence, second offense, in violation of § 61-8-401, MCA. We affirm.

¶3      Harper was arrested by Bozeman City Police Officers on April 1, 2007, and was charged in Bozeman Municipal Court with DUI. He filed a motion to suppress all evidence on the ground that the arresting officer lacked particularized suspicion to stop him or to conduct sobriety tests. The Municipal Court held a hearing on Harper's motion on October 4, 2007, and the officers testified as to the circumstances of the arrest. The District Court denied the motion to suppress at the conclusion of the hearing. Harper pled guilty to the DUI charge, reserving his right to appeal the denial of the motion to suppress. The appeal was heard by the Hon. Holly Brown, Montana Eighteenth Judicial District Court, Gallatin County. The District Court's order of July 16, 2008, affirmed the order of the Bozeman Municipal Court denying the motion to suppress.

¶4      Harper first argues, as he did in his motion to suppress below, that the arresting officer lacked a particularized suspicion to allow him to conduct an investigation into whether Harper was driving while under the influence. The evidence at the suppression hearing

2

showed that Bozeman police officers were in a parking lot investigating an unrelated matter when a small blue truck driven by Harper entered the lot and pulled into a parking space. The officers heard and saw Harper's truck colliding with the one in front of it. They noticed that while the passenger left the vehicle to enter a nearby business, Harper did nothing. He did not leave the truck to check for damage to either vehicle and did nothing to leave contact information for the driver of the unoccupied vehicle. When a third officer arrived five to eight minutes later, that officer went over to the blue truck to determine the circumstances of the apparent collision and whether Harper needed assistance in leaving contact information for the owner of the unoccupied struck vehicle.

¶5 When the officer approached the truck he noted an odor of alcohol and that Harper was sitting motionless as if "something was wrong." When he talked to Harper, he observed signs of intoxication including slurred speech and bloodshot eyes, and Harper admitted that he had been drinking. The officer conducted field sobriety tests and placed Harper under arrest for DUI. A subsequent breath analysis indicated a blood alcohol concentration of .158.

¶6 Whether an officer has a sufficient particularized suspicion under § 46-5-401(1), MCA, to undertake an investigative stop is a question of fact that depends on the totality of the circumstances. *Brown v. State*, 2009 MT 64, ¶¶ 20, 22, ___ Mont. ___, ___ P.3d ___; *State v. Lafferty*, 1998 MT 247, ¶ 10, 291 Mont. 157, 967 P.2d 363.

¶7 An officer may initiate an investigatory stop of a driver who has committed a traffic offense. *State v. Thompson*, 2006 MT 274, ¶ 12, 334 Mont. 226, 146 P.3d 756. Here, the officers present at the scene had sufficient particularized suspicion that Harper had violated §

3

61-7-106, MCA, which requires the driver who collides with an unoccupied vehicle to locate the owner or to leave a note. They also suspected that Harper was guilty of careless driving. This allowed the officer to approach the blue truck and to talk to Harper about what had happened. At that point, the officer observed evidence of intoxication and was authorized to expand his inquiry into whether Harper was DUI. *Hulse v. Department of Justice*, 1998 MT 108, ¶ 40, 289 Mont. 1, 961 P.2d 75.

¶8 Harper also argues that the Municipal Court should have granted his motion to suppress because the officers testifying at the hearing on his motion to suppress failed to identify him as the driver of the blue truck. The only hearing held below was on Harper's motion to suppress, in which he argued that the officers lacked particularized suspicion to conduct an inquiry. Harper did not move to suppress or to dismiss on the ground that he was not the driver of the blue truck and he pled guilty prior to a trial on the charge. Harper's identity as the driver of the blue truck was not an issue and the prosecution had no burden to address it in response to the motion to suppress. There was no error.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law.

¶10 Affirmed.

/S/ MIKE McGRATH

We concur:

4

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE
/S/ JAMES C. NELSON